UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY BLOUNT, | : | **CIVIL NO. 1:08-CV-01732** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| POLICE OFFICERS BROOK AND | : | |
| MILLER OF THE LOWER PAXTON | : | |
| TOWNSHIP POLICE DEPARTMENT | : | |
| AND LOWER PAXTON TOWNSHIP | : | |
| POLICE DEPARTMENT, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this action in the Court of Common Pleas of Dauphin County, Pennsylvania by filing a writ of summons on March 18, 2008.  On August 22, 2008, the plaintiff filed a document entitled "Sworn Affidavit."  Construing the "Sworn Affidavit" as

a complaint[1], the defendants removed the case to this court on

September 18, 2008.


      The defendants named in the complaint are 1) Police

Officer Brook; 2) Police Officer Miller; and 3) the Lower Paxton

Township Police Department.


      The complaint is not clear.  However, construing the

complaint liberally, the plaintiff alleges the following in his

complaint.


      On or about March 11, 2006 or March 12, 2006, the

plaintiff ran out of his blood pressure medication.  He did not

have insurance to cover a refill.  The plaintiff went to see his

dialysis-unit doctor who advised him to go to the emergency room

to be admitted.  The doctor told the plaintiff that he had severe

problems including bleeding in his intestines, blood in his

urine, and an excessive toxin and fluid build up which could

---

1. Since the parties have construed the "Sworn Affidavit" as a
complaint, we will also construe it as the complaint in this case.

cause congestive heart failure.  On March 14, 2006, the plaintiff was admitted to Community General Osteopathic Hospital.

At or about the time of his admission to the hospital, the plaintiff called his attorney and informed her of his admission to the hospital.  At the time, the plaintiff's doctor and his attorney were aware of his legal situation.[2]

At the hospital, dialysis treatment was started.  The plaintiff was scheduled for a colonoscopy on March 17, 2006.  The plaintiff's doctors wanted to see if he had colon cancer or bleeding polyps.  On March 17, 2006, after the plaintiff returned to his hospital room after his dialysis treatment, defendants Brook and Miller came into the plaintiff's room.  The plaintiff's daughter and grandson were present in the room at the time. Defendants Brook and Miller told the plaintiff that they had two warrants - a warrant and a habeas corpus warrant.  The defendants, however, did not show the plaintiff a warrant nor did they read him his rights.  When the plaintiff asked to see the

---

2. The plaintiff does not describe what his legal situation was at that time.

3

warrants defendants Brook and Miller became upset and hostile

toward the plaintiff.  This upset the plaintiff.   Prior to being

admitted to the hospital, the plaintiff had been checking with

the courthouse and the sheriff's department and, if there had

been a warrant for him, he would have been told.

The male officer[3] grabbed the plaintiff's left arm where

his dialysis point was, pulled his hands behind his back and

handcuffed the plaintiff.  The handcuffs were extremely tight.

The male officer refused the plaintiff's request to loosen the

handcuffs.

The plaintiff asked defendant Brook, defendant Miller and

the nurse to call his doctor to see if it was okay that he be

taken from the hospital.  The nurse just stood outside the door

and would not call the doctor.  The plaintiff asked the male

officer again to call the doctor.  The male officer replied, "We

are leaving."  Defendants Brook and Miller transported the

---

3.  It is not clear from the complaint or the record in this case
which officer was the male officer.  We assume that because the
plaintiff refers to one of the officers as the male officer that
one of the officers was male and the other was female.

plaintiff to the county jail.  On the way, the plaintiff's
dialysis injection site started to bleed because the male officer
had grabbed him by the arm in that area.  The plaintiff told the
male officer about it.  The officer said that he was not worried
about it, that he would let the jail worry about it and that he
just wanted to get the plaintiff to the jail where he belongs.

Both defendant Brook and defendant Miller were aware that
the plaintiff did not have a seat belt on.  The plaintiff's
request to stop so that his seat belt could be put on was denied.

Upon arrival at the jail, the male officer lied to the
booking sergeant and the booking sergeant replied: "I got you
covered."[4]

One of the officers had signed the plaintiff out of the
hospital without the plaintiff's doctor's knowledge.  The
plaintiff's doctor subsequently told him that he would not have
approved of him leaving the hospital.

---

4. The plaintiff does not allege the substance or topic of the
lie.

The plaintiff does not indicate specifically the basis of his claims, or how he believes that federally protected rights that he has have been violated.  However, the plaintiff mentions deliberate indifference, the Eighth Amendment, the Fourth Amendment, due process and a falsified report.  He also mentions pain and suffering.

On September 22, 2008, the defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), and, on September 23, 2008, they filed a brief in support of that motion.

The plaintiff did not file a brief in opposition to the motion to dismiss as required by Local Rule 7.6, Rules of Court, M.D. Pa.  By an Order dated October 27, 2008, the plaintiff was ordered to file a brief in opposition to the motion to dismiss on or before November 13, 2008.  The plaintiff was warned that if he did not file a brief in opposition within this time it may be recommended that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

6

On November 14, 2008, the defendants filed a motion for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b).  The defendants filed a brief in support of their motion for involuntary dismissal.  The defendants contend that since the plaintiff did not filed a brief in opposition to their motion to dismiss the complaint on or before November 13, 2008, the case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

On November 14, 2008, the plaintiff filed a document entitled "Sworn Affidavit."  The plaintiff basically repeats the allegations that he made in his complaint.  It appears, however, that the plaintiff intended this document to be his brief in opposition to the defendants' motion to dismiss the complaint. We construe the document as the plaintiff's brief in opposition to the defendants' motion to dismiss the complaint.

On November 17, 2008, the defendants filed a reply brief in support of their motion to dismiss the complaint.

7

II.  Motion for Involuntary Dismissal.

       Given that the plaintiff filed his brief in opposition to
the motion to dismiss the complaint on November 14, 2008, we will
recommend that the defendants' motion for involuntary dismissal
pursuant to Fed.R.Civ.P. 41(b) be denied.

       The Order of October 27, 2008 ordered the plaintiff to
file a brief in opposition on or before November 13, 2008.  The
plaintiff's brief was not received by the court until November
14, 2008.  However, pursuant to the prison mailbox rule, the
plaintiff's brief was deemed filed when he delivered it to prison
officials for mailing. See *Houston v. Lack,* 487 U.S. 266, 270-76
(1988)(holding that pro se notice of appeal should be deemed
filed when the prisoner delivers it to warden for forwarding to
the district court).  There is no certificate of service attached
the plaintiff's brief indicating the date that it was delivered
to prison officials for mailing.  However, the postmark on the
envelope in which the brief was mailed to the court is November
12, 2008. *See Doc. 12 at 8.*  Thus, the brief was given to prison
officials for mailing no later than November 12, 2008, and,

pursuant to the prison mailbox rule the plaintiff's brief is timely.

Because the plaintiff timely filed a brief in opposition in accordance with the Order of October 27, 2008, it will be recommended that the defendants' motion for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b) be denied.

We turn now to the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

III.  Motion Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

A. Motion to Dismiss Standard.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When deciding a motion to dismiss, the court must accept all

9

material allegations of the complaint as true and draw all
inferences in the light most favorable to the plaintiff.
*Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D.
Pa. 1991).  However, "conclusory allegations of law, unsupported
conclusions and unwarranted inferences need not be accepted as
true." *Id*. at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a
short and plain statement of the claim showing that the pleader
is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200
(2007).  Detailed factual allegations are not required. *Bell
Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  However,
more is required than labels, conclusions and a formulaic
recitation of the elements of a cause of action. *Id.* at 1965.
"Factual allegations must be enough to raise a right to relief
above the speculative level." *Id.*  Stating a claim requires a
complaint with enough factual matter to suggest the required
elements of a claim. *Phillips v. County of Allegheny,* 515 F.3d
224, 234 (3d Cir. 2008).  However, "this 'does not impose a
probability requirement at the pleading stage,' but instead
'simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of' the necessary element."
*Id.* (quoting *Twombly*, *supra,* 127 S.Ct. at 1965).   The statement
required by Rule 8(a)(2) need only give the defendant fair notice
of what the plaintiff's claim is and the grounds upon which it
rests. *Erickson, supra.,* 127 S.Ct. at 2200.   The "notice pleading
standard relies on liberal discovery rules and summary judgment
motions to define disputed facts and issues and to dispose of
unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512
(2002).

A complaint filed by a *pro se* litigant is to be liberally
construed and "'however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers.'"
*Erickson, supra,* 127 S.Ct. at 2200 (2007)(quoting *Estelle v.
Gamble,* 429 U.S. 97, 106 (1976)).

B.   Discussion.

This is a 42 U.S.C. § 1983 action.   "Section 1983 imposes
civil liability upon any person who, acting under the color of
state law, deprives another individual of any rights, privileges,

or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

      1. Statute of Limitations.

      The defendants contend that the plaintiff's § 1983 claims are barred by the statute of limitations.

      "Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006).  The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v.*

*City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).  A

section 1983 cause of action accrues when the plaintiff knew or

should have known of the injury upon which his action is based.

*Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir.

1998).

The statute of limitations is an affirmative defense and

the burden of establishing its applicability rests with the

defendant. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d

1153, 1161 (3d Cir. 1989)*, cert. denied*, 493 U.S. 993 (1989).  A

motion to dismiss may only be granted on the basis of the statute

of limitations if "the time alleged in the statement of a claim

shows that the cause of action has not been brought within the

statute of limitations." *Bethel v. Jendoco Construction Corp.,*

570 F.2d 1168, 1174 (3d Cir. 1978)(motion to dismiss); 5A Wright

& Miller, *Federal Practice and Procedure* §1368 (2d ed. 1990)("If

the affirmative defense clearly is established in the pleadings,

as, for example, when a statute of limitations defense is

apparent on the face of the complaint and no question of fact

exists, then a judgment on the pleadings may be appropriate.").

13

In the instant case, the plaintiff's 1983 causes of action accrued on March 17, 2006, the date of his arrest.  The plaintiff commenced this action by filing a writ of summons on March 18, 2008, in the Court of Common Pleas of Dauphin County Pennsylvania.  Given the prison mailbox rule, we can not determine as a matter of law from the face of the complaint that the plaintiff's claims are barred by the statute of limitations.  Accordingly, we will not recommend that the complaint be dismissed based on the statute of limitations.

2. The Lower Paxton Township Police Department.

Police departments operated by municipalities are not "persons" amenable to suit under 42 U.S.C. § 1983. *Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D.Pa. 2008)(Conner, J.).  Accordingly, the complaint fails to state a claim upon which relief may be granted against defendant Lower Paxton Township Police Department.  We will recommend that the motion to dismiss be granted as to the claims against defendant Lower Paxton Township Police Department.

14

3.   Excessive Force Claim.


We construe the complaint as attempting to state an excessive force claim.


The Fourth Amendment protects a citizen against unreasonable use of force in connection with an arrest, investigatory stop or other seizure. *Graham v. Connor*, 490 U.S. 386 (1989).  The question under the Fourth Amendment is whether the officer's use of force was objectively reasonable under the circumstances.  *Id*. at 397.


Without any indication that the plaintiff presented a threat, grabbing and handcuffing the plaintiff, who at the time was a hospital patient, in such a manner that his dialysis injection site is caused to bleed could be seen not to be an objectively reasonable use of force under the circumstances. Accordingly, construing the complaint liberally, accepting the allegations of the complaint as true and drawing all inferences in the light most favorable to the plaintiff, we

conclude that the complaint does not fail to state an excessive force claim upon which relief can be granted against defendants Brook and Miller.

4. Medical Care Claim.

We also construe the complaint as attempting to state a medical care claim based on his removal from the hospital.

The plaintiff cites the Eighth Amendment.  However, since it does not appear that the plaintiff was a convicted prisoner at the time that the defendants removed him from the hospital, the Eighth Amendment is not applicable.  *Natale v. Camden County Correctional Facility,* 318 F.3d 575, 581 (3d Cir. 2003)(stating that the Eighth Amendment applies only after the State has secured a formal adjudication of guilt in accordance with due process of law).  The Due Process Clause rather than the Eighth Amendment is applicable in this case.  *Boring v. Kozakiewicz,* 833 F.2d 468, 471 (3d Cir. 1987)("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause.").  "The Due Process

16

clause requires the government to provide appropriate medical care." *Id.*

    The due process rights of a pretrial detainee is "at least as great" as the Eighth Amendment protections to which a convicted prisoner is entitled. *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244 (1983).  Without determining how much more protection, if any, a pretrial detainee is entitled to above the protection provided to a convicted prisoner, the United States Court of Appeals for the Third Circuit has applied the standards enunciated in Eighth Amendment cases to medical claims by pretrial detainees. *See Boring, supra,* 833 F.2d at 473; *Natale, supra,* 318 F.3d at 581. *But see Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005)(reversing and remanding grant of summary judgment to prison officials on pretrial detainee's conditions-of-confinement claim because the district court improperly analyzed the claim under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment).

    Borrowing from the Eighth Amendment standard, in order for the plaintiff to state a viable medical care claim he must

allege that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Since the plaintiff was hospitalized, it is reasonable to infer that the plaintiff had a serious medical need.  The plaintiff was in the custody of defendants Brook and Miller for only a short period of time - the time that it took to transfer the plaintiff from the hospital to the jail.  After the plaintiff was at the jail, it was the responsibility of officers and employees at the jail to provide for the plaintiff's medical needs.  Nevertheless, it can be seen as deliberately indifferent to have removed the plaintiff from the hospital without consultation with and concurrence from his doctor and in such a way that causes him to bleed from his dialysis injection site. Accordingly, construing the complaint liberally, accepting the allegations of the complaint as true and drawing all inferences in the light most favorable to the plaintiff, we conclude that the complaint does not fail to state a due process medical claim upon which relief can be granted against defendants Brook and Miller.

5. Other Claims.

The plaintiff also complains about not having his seat belt fastened on the way to the jail.  However, the plaintiff does not allege that he was injured in any way by a lack of a seat belt.  Accordingly, we conclude that the complaint fails to state a claim upon which relief can be granted with respect to not being seat belted.

The plaintiff also alleges that upon arrival at the jail, the male officer lied to the booking sergeant and the booking sergeant replied: "I got you covered."  The plaintiff also mentions a falsified report.  However, the plaintiff does elaborate on that claim.  We conclude that the complaint fails to state a claim upon which relief can be granted with respect to a falsified report.

It is also not clear from the complaint whether the plaintiff is attempting to challenge the validity of his arrest under the Fourth Amendment.

The court should grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  We will recommend that the court grant the plaintiff leave to amend his complaint to attempt to plead a claim or claims upon which relief can be granted with respect to the validity of his arrest and the falsified report.

IV.  Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 11) for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b) be denied.  It is further recommended that the defendants' motion (doc. 3) to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) be granted in part and denied in part. It is recommended that defendant Lower Paxton Township Police Department be dismissed.  It is recommended that the plaintiff's Fourth Amendment excessive force claim and Fourteenth Amendment due process medical care claim not be dismissed.  It is recommended that all other claims in the complaint be dismissed, but that the plaintiff be granted leave to file an amended

20

complaint.  Finally, it is recommended that the case be remanded

to the undersigned for further proceedings.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge


Dated:  January 26, 2009.