```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TONY BLOUNT,                          :
      Plaintiff
                                :

      vs.                      :  CIVIL NO. 1:CV-08-1732

POLICE OFFICERS BROOK AND             :      (Judge Caldwell)
MILLER OF THE LOWER PAXTON
TOWNSHIP POLICE DEPARTMENT            :   (Magistrate Judge Smyser)
AND LOWER PAXTON TOWNSHIP
POLICE DEPARTMENT,                    :
      Defendants

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      The pro se plaintiff, Tony Blount, filed this 42 U.S.C. § 1983 action when the defendant police officers arrested him while he was in the hospital and removed him to the county jail. Among other claims, Plaintiff alleges there was excessive force used against him and deliberate indifference to his medical needs. The defendants are: (1) Police Officer Brook; (2) Police Officer Miller; and (3) the Lower Paxton Township Police Department.

      Defendants filed a motion to dismiss, and the magistrate judge filed a report and recommendation on the motion. We are considering the defendants' objections to the report.

      In relevant part, in ruling on the motion to dismiss, the magistrate judge made the following recommendations. First, because of the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), no determination

could be made at the motion-to-dismiss stage whether the case was untimely and hence the case should not be dismissed on the basis of the statute of limitations. Second, police departments are not persons who can be sued under section 1983, so the Lower Paxton Township Police Department should be dismissed as a defendant. Third, the motion should be denied as to the excessive-force claim and deliberate-indifference claim. Fourth, the motion should be granted as to Plaintiff's "falsified report" claim, but leave should be granted to file an amended complaint on this claim, as well as on a potential claim challenging the validity of the arrest. Fifth, Plaintiff's claim for the failure of the defendant officers to have his seatbelt fastened for the trip to the hospital should be dismissed for lack of any injury resulting therefrom.

      The defendants have two objections to the report. First, they contend the magistrate judge erred in rejecting the statute-of-limitations defense. They rely on *Jackson v. Nicoletti,* 875 F. Supp. 1107 (E.D. Pa. 1994), which held that the mailbox rule does not apply to a prisoner's filing of a complaint, in part because the two-year period for filing a civil-rights action is a far greater time for acting than the thirty-day appeal period present in *Houston*. *Jackson, supra,* 875 F. Supp. at 1113. They also rely on *Pendergrass v. Gray*, No. 06-2277, 2006 WL 3165007, at *3-4 (E.D. Pa. Oct. 30, 2006), which did apply the mailbox rule to the filing of a complaint, and held it was timely by relying on the

date it was signed by the inmate. In the instant case, looking to *Pendergrass*, the defendants argue that the lawsuit is untimely because Plaintiff signed the writ of summons on March 18, 2008, which would make the case one day late because the incident giving rise to the action happened on March 17, 2006.[1] And looking to *Jackson*, they point out that Plaintiff waited almost two years before attempting to file suit so any delay is his fault. 875 F. Supp. at 1113.[2]

We disagree. To begin with, unlike the court in *Jackson*, we believe the mailbox rule does apply, at least to Plaintiff's initiation of the lawsuit here. Next, and consistent with the magistrate judge's position, the facts before us at the motion-to-dismiss stage do not establish the lawsuit is time-barred. It is true that the writ of summons has a date of March 18, 2008, on it, but it is not clear who put that date on the writ. The state court records also reveal that the writ was docketed on March 18, but this would indicate the inmate mailed the writ at the latest on March 17, which would support the conclusion that the lawsuit was timely under the mailbox rule.

We thus agree with the magistrate judge that the defense of the statute of limitations cannot be decided at the motion-to-

---

[1] Plaintiff initiated this action in a Pennsylvania court, which allows suits to be started by a praecipe for a writ of summons. Pa. R. Civ. P. 1007. The action was removed to this court.

[2] Parenthetically, we note that this is not the same limitations argument the defendants made on their motion to dismiss.

3

dismiss stage. However, the defendants may pursue this defense if the record establishes that the action was filed too late.

The defendants' second objection (perhaps more of a suggestion to the court) is that the magistrate judge failed to recommend a deadline for filing the amended complaint. We will include such a deadline in our order disposing of the report and the defendants' objections.

We note that the defendants have filed a motion to extend the deadlines for filing discovery and dispositive pretrial motions and a motion to depose Plaintiff. We will leave these matters to the magistrate judge upon remand of the case to him.[3]

Accordingly, this 6th day of April, 2009, upon consideration of the report (doc. 15) of the magistrate judge, filed January 26, 2009, the objections that were filed, and upon independent review of the record, it is ordered that:

> 1. The magistrate judge's report is adopted.
>
> 2. The defendants' motion (doc. 11) for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) is denied.
>
> 3. The defendants' motion (doc. 3) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted in part and denied in part as follows.

---

[3] We note that in his opposition to the defendants' objections (doc. 18, CM/ECF p. 21), Plaintiff requests appointment of counsel. That request should be made in a separate motion. The opposition also appears to mention claims he may have against other parties. Those should be the subject of another lawsuit.

4

    4.   Defendant Lower Paxton Township Police Department is dismissed as a defendant in this action.

    5.   The motion to dismiss the Fourth Amendment excessive force claim and Fourteenth Amendment due-process medical-care claim is denied.

    6.   All other claims in the complaint are dismissed, but Plaintiff is granted leave to file an amended complaint to allege a "falsified report" claim and a claim challenging the validity of the arrest.

    7.   Any amended complaint shall be filed within twenty days of the date of this order.

    8.   This case is remanded to the magistrate judge for further proceedings.

                               <u>/s/William W. Caldwell</u>
                               William W. Caldwell
                               United States District Judge