UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TONY BLOUNT,                          :    **CIVIL NO. 1:08-CV-01732**
                                      :
              Plaintiff               :    (Judge Caldwell)
                                      :
        v.                            :    (Magistrate Judge Smyser)
                                      :
POLICE OFFICERS BROOK AND             :
MILLER OF THE LOWER PAXTON            :
TOWNSHIP POLICE DEPARTMENT            :
AND LOWER PAXTON TOWNSHIP             :
POLICE DEPARTMENT,                    :
                                      :
              Defendants              :


**REPORT AND RECOMMENDATION**


I. Background and Procedural History.


        The plaintiff, a state prisoner proceeding *pro se*,

commenced this action in the Court of Common Pleas of Dauphin

County, Pennsylvania by filing a writ of summons on March 18,

2008.  On August 22, 2008, the plaintiff filed a document

entitled "Sworn Affidavit."  Construing the "Sworn Affidavit" as

a complaint[1], the defendants removed the case to this court on September 18, 2008.

The defendants named in the complaint are 1) Police Officer Brook; 2) Police Officer Miller; and 3) the Lower Paxton Township Police Department.

The complaint is not clear.  However, construing the complaint liberally, the plaintiff alleges the following in his complaint.

On or about March 11, 2006 or March 12, 2006, the plaintiff ran out of his blood pressure medication.  He did not have insurance to cover a refill.  The plaintiff went to see his dialysis-unit doctor who advised him to go to the emergency room to be admitted.  The doctor told the plaintiff that he had severe problems including bleeding in his intestines, blood in his urine, and an excessive toxin and fluid build up which could

---

1. Since the parties have construed the "Sworn Affidavit" as a complaint, we will also construe it as the complaint in this case.

cause congestive heart failure.  On March 14, 2006, the plaintiff was admitted to Community General Osteopathic Hospital.

At or about the time of his admission to the hospital, the plaintiff called his attorney and informed her of his admission to the hospital.  At the time, the plaintiff's doctor and his attorney were aware of his legal situation.[2]

At the hospital, dialysis treatment was started.  The plaintiff was scheduled for a colonoscopy on March 17, 2006.  The plaintiff's doctors wanted to see if he had colon cancer or bleeding polyps.  On March 17, 2006, after the plaintiff returned to his hospital room after his dialysis treatment, defendants Brook and Miller came into the plaintiff's room.  The plaintiff's daughter and grandson were present in the room at the time. Defendants Brook and Miller told the plaintiff that they had two warrants - a warrant and a habeas corpus warrant.  The defendants, however, did not show the plaintiff a warrant nor did they read him his rights.  When the plaintiff asked to see the

_____

2.  The plaintiff does not describe what his legal situation was at that time.

warrants defendants Brook and Miller became upset and hostile
toward the plaintiff.  This upset the plaintiff.   Prior to being
admitted to the hospital, the plaintiff had been checking with
the courthouse and the sheriff's department and, if there had
been a warrant for him, he would have been told.

The male officer[3] grabbed the plaintiff's left arm where
his dialysis point was, pulled his hands behind his back and
handcuffed the plaintiff.  The handcuffs were extremely tight.
The male officer refused the plaintiff's request to loosen the
handcuffs.

The plaintiff asked defendant Brook, defendant Miller and
the nurse to call his doctor to see if it was okay that he be
taken from the hospital.  The nurse just stood outside the door
and would not call the doctor.  The plaintiff asked the male
officer again to call the doctor.  The male officer replied, "We
are leaving."  Defendants Brook and Miller transported the

3.  It is not clear from the complaint or the record in this case
which officer was the male officer.  We assume that because the
plaintiff refers to one of the officers as the male officer that
one of the officers was male and the other was female.

plaintiff to the county jail. On the way, the plaintiff's dialysis injection site started to bleed because the male officer had grabbed him by the arm in that area. The plaintiff told the male officer about it. The officer said that he was not worried about it, that he would let the jail worry about it and that he just wanted to get the plaintiff to the jail where he belongs.

Both defendant Brook and defendant Miller were aware that the plaintiff did not have a seat belt on. The plaintiff's request to stop so that his seat belt could be put on was denied.

Upon arrival at the jail, the male officer lied to the booking sergeant and the booking sergeant replied: "I got you covered."[4]

One of the officers had signed the plaintiff out of the hospital without the plaintiff's doctor's knowledge. The plaintiff's doctor subsequently told him that he would not have approved of him leaving the hospital.

---

4. The plaintiff does not allege the substance or topic of the lie.

The plaintiff does not indicate specifically the basis of his claims, or how he believes that federally protected rights that he has have been violated.  However, the plaintiff mentions deliberate indifference, the Eighth Amendment, the Fourth Amendment, due process and a falsified report.  He also mentions pain and suffering.

A motion to dismiss the complaint was denied as to the plaintiff's Fourth Amendment excessive force claim and his Fourteenth Amendment due process medical care claim and as to defendants Brook and Miller.  The complaint was otherwise dismissed by the Order of April 6, 2009.  (Doc. 22).

The defendants filed a motion for summary judgment. (Doc. 33).  A LR 56.1 statement of material facts not in dispute was filed.  (Doc. 34).  A supporting memorandum was filed.  (Doc. 35).  The plaintiff in opposition filed a restatement of his claims and assertions concerning the events that he had presented in his complaint.  (Doc. 37).  The defendants filed a reply brief.  (Doc. 39).

The defendants LR 56.1 statement and the papers filed by the plaintiff establish that it is not in dispute that the plaintiff was arrested in his hospital room by the defendants on March 17, 2006 on the basis of a warrant issued on the basis of multiple felony charges brought against the plaintiff. The arrest was effected by the defendants after a determination had been made by them that the plaintiff was being discharged from his hospitalization by his doctors. He was being discharged from the hospital by his doctors because he had not completed the necessary preparatory regimen for a colonoscopy, which was the reason for his hospital presence. The plaintiff had been a dialysis patient for a period of time before this incident. He was handcuffed by the arresting officers. Both officers placed hands on the plaintiff during the arrest and handcuffing process. The plaintiff felt hands placed upon him at his dialysis injection point. His arm began to bleed at a dialysis injection point from the defendants' gripping pressure on his arm. No pushing force was used by the defendants upon the plaintiff. One day later, he received another dialysis injection. His arm was slightly swollen and tender that day.

7

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and

determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

The summary judgment evidence does not reasonably support an inference that excessive force was used by the officers who were lawfully effecting the arrest of the plaintiff with a warrant. We do not find the plaintiff to have made a showing of an excessive use of force. He is very critical of the defendants for having made an arrest of him in a hospital setting, in a private hospital room where he was in bed expecting there to be further medical procedures performed upon him, where his daughter and his grandson were present, and for them to have used any touching force at all upon him when he was a dialysis patient. But there is not a basis to find that there is a dispute as to the material factual issue of excessive force or to find that a reasonable inference could be drawn of an excessive use of force.

There is not a basis upon which a reasonable finder of fact can find that the defendants were deliberately indifferent to a serious medical need of the plaintiff. The defendants had

ascertained the medical treatment status and condition of the plaintiff on March 16, 2006, the day before the arrest, and had determined not to act upon the warrant that they had until the plaintiff's discharge from the hospital. That occurred, as it happened, the next day. The defendants were not required to wait until some further development to execute the warrant of arrest that it was their duty to execute. They were not required to wait until the plaintiff had exited the hospital.

The plaintiff claims that there was also deliberate indifference on the part of the defendants to the serious medical needs of the plaintiff in that the defendants did not act so as to assure that the plaintiff receive adequate medical care after his arrest. There is no evidence of any tangible or objective signs of harm to the plaintiff after his arrest. He was transported to the Dauphin County Prison and was processed in to that prison, and there is no indication that he was observed to be bleeding or to have suffered any injury. The plaintiff has not come forward with any evidence that the defendants were deliberately indifferent to the plaintiff's medical condition.

The defendants are entitled to summary judgment on this claim of the plaintiff of deliberate indifference.

The plaintiff had alleged in his complaint that he was wrongfully arrested and that there were false reports involved in some manner in his arrest.  He was given the opportunity to amend his complaint to plead sufficient factual basis to demonstrate that he has an actionable claim as to a false arrest or as to his false reports allegation.  He did not file an amended complaint. His response to the defendants' motion for summary judgment may be intended by him to be in some way an amended complaint, but no new factual allegations are made, and the Order of April 6, 2009 allotted 20 days to the plaintiff in which to file an amended complaint.

It is recommended that the motion of the defendants for summary judgment be granted and that the case be closed.

                                              _/s/ J. Andrew Smyser_
                                              J. Andrew Smyser
                                              Magistrate Judge
Dated:  December 1, 2009.