IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TONY BLOUNT,
    Plaintiff

vs. : CIVIL NO. 1:CV-08-1732

POLICE OFFICERS BROOK AND : (Judge Caldwell)
MILLER OF THE LOWER PAXTON
TOWNSHIP POLICE DEPARTMENT : (Magistrate Judge Smyser)
AND LOWER PAXTON TOWNSHIP
POLICE DEPARTMENT,
    Defendants

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

We are considering the Report and Recommendation of the Magistrate Judge recommending we grant summary judgment in favor of the Defendants. The Plaintiff, Tony Blount, has not objected to the report. Instead, he filed multiple documents, one of which is a motion for appointment of counsel.

A plaintiff has no constitutional or statutory right to appointed counsel in a civil case. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court also cannot compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which provides that the court "may request an attorney to represent any person unable to afford counsel." We have broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery*, 294 F.3d 498, and the decision can be made at any point of the litigation. *Id.* at 503-04.

At the threshold, the court must decide whether a plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126

F.3d 454, 457 (3d Cir. 1997)). We need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

If the plaintiff's case satisfies this initial test, the district court must consider the "*Tabron* factors," *Montgomery*, 294 F.3d at 505, although these factors are not meant to be exhaustive. *Tabron*, 6 F.3d at 157. The factors are:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations, and;
>
> 6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

We conclude the Plaintiff's case has no merit because we adopt the thorough and well reasoned report and recommendation of the magistrate judge. Since we conclude the Plaintiff's case has no arguable merit, there is no need for us to apply the *Tabron* factors.

ACCORDINGLY, this 15th day of January, 2010, upon consideration of Plaintiff's motion for appointment of counsel (doc. 45) and the report and recommendation of the magistrate judge (doc. 42), filed December 1, 2009, and upon independent review of the record, it is ordered that:

2

1. Plaintiff's motion for appointment of counsel is denied.

2. The magistrate judge's report is adopted.

3. Defendants' motion for summary judgment (doc. 33) is granted.

4. The Clerk of Court shall enter judgment in favor of Defendants Brook, Miller and the Lower Paxton Township Police Department and against Plaintiff Tony Blount.

5. The Clerk of Court shall close this file.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge